IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KIMWON STREET,                        )
                                      )
            Petitioner,               )
                                      )   1:10CV772
      v.                              )   1:08CR147-1
                                      )
UNITED STATES OF AMERICA,             )
                                      )
            Respondent.               )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Kimwon Street, a federal prisoner, brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:08CR147-1, Doc. #31]. That Motion raised several claims for relief. A prior Magistrate Judge entered an Order and Recommendation [Doc. #50] recommending that those claims be denied. However, before that Recommendation could be ruled upon, Petitioner filed an Amended Motion [Doc. #58], and the Court ordered a Response. The case is now before the Court on Petitioner's Amended Motion.

On June 2, 2008, Petitioner was convicted on one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He was then sentenced to 144 months imprisonment, which constituted a reduction from the 240-month statutory mandatory minimum sentence otherwise applicable in light of an Information of Prior Conviction filed by the Government. Petitioner now contends in his Amended Motion that his sentence under 21 U.S.C. §841(b)(1)(A) is invalid in light of the decision of the Court of Appeals for the Fourth Circuit in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), because the Information of Prior Conviction filed in this case pursuant to 21 U.S.C. § 851 was based on a state conviction

that was not punishable by more than one year of imprisonment. The Government has now filed a Response, conceding, based on Simmons, that the prior North Carolina conviction alleged in the Information of Prior Conviction would not qualify as a predicate felony conviction in light of Simmons. In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior conviction.

In addition, the Government has further affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply to this claim.[1] The parties thus appear to agree that pursuant to the § 2255 Motion, Petitioner should be resentenced.[2] The Court has reviewed the state court judgment reflecting Petitioner's prior conviction that was set out in the Information, and the Court notes that Petitioner's prior conviction is reflected as a Class H

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter."). The Court notes that the waiver is limited to the claims raised in the Amended Motion.

[2] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255 with respect to the types of claims presented in this case, and that the claims raised here are cognizable in these proceedings. The United States Court of Appeals for the Fourth Circuit recently held that Simmons does apply on collateral review for persons whose convictions under 18 U.S.C. § 922(g) are no longer valid under Simmons. Miller v. United States, 735 F.3d 141 (4th Cir. 2013). The Government's position in the present case would also include claims by defendants such as Petitioner, who received a sentence enhancement based on an Information of Prior Conviction filed pursuant to 21 U.S.C. § 851, if that enhancement is no longer supported by a predicate felony in light of Simmons, and the enhancement resulted in an increase in the applicable statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) based on an enhanced range of 20 years to life rather than the otherwise-applicable range of 10 years to life, and if the enhanced mandatory minimum was above the bottom of the otherwise-applicable sentencing range under the United States Sentencing Guidelines. The Court further notes that the Government has agreed that relief should be granted in this case, even though Petitioner's sentence of 144 months was below the otherwise-applicable statutory maximum of life that would apply even without the enhancement. The Court will proceed on the basis of this concession, taking it as the position of the Government that the sentence is "otherwise subject to collateral attack" under 28 U.S.C. § 2255 in these circumstances.

2

felony with a prior record level of I, sentenced in the presumptive range. The maximum sentence he faced for that offense under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed after Dec. 1, 1994). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Simmons claim in his Amended Motion be granted, that his sentence be vacated, and that he be resentenced.

The Court notes that with respect to Petitioner's original § 2255 Motion, the Court has allowed Petitioner to clarify which claims he seeks to pursue. In response, Petitioner has stated that he wished to "partially withdraw the existing 28 U.S.C. § 2255 [Motion], and PROCEED with the Amended Motion concearning [sic] all issues pertaining to [the] Simmons claim and Carachuri-Rosendo v. Holder." (Supplemental Response [Doc. #72].) Based on this, the Court has considered only the claims in Petitioner's Amended Motion. The claims in Petitioner's original § 2255 Motion should be deemed withdrawn.

IT IS THEREFORE RECOMMENDED that the claims in Petitioner's original § 2255 Motion [Doc. #31] be deemed withdrawn, that the claims in Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence [Doc. #58] be GRANTED, that the Judgment [Doc. #22] be VACATED, and that this matter be set for resentencing.

This, the 19th day of December, 2013.

               /s/ Joi Elizabeth Peake
               United States Magistrate Judge